UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | No. |
| | ) | |
| v. | ) | (Judge            ) |
| | ) | |
| APPROXIMATELY $250,961.61 IN U.S. CURRENCY, SEIZED FROM FNCB BANK ACCOUNT # ENDING IN 7197, AND | ) ) ) ) | |
| | ) | |
| APPROXIMATELY $188,034.83 IN U.S. CURRENCY, SEIZED FROM FNCB BANK ACCOUNT # ENDING IN 0674, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | (Electronically filed) |

## COMPLAINT FOR FORFEITURE *IN REM*

Plaintiff, the United States of America, by and through its attorneys, John C. Gurganus, Acting United States Attorney for the Middle District of Pennsylvania, and Ryann D. Loftus, Assistant U.S. Attorney, brings this complaint and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

## NATURE OF THE ACTION

1. Plaintiff, United States of America, alleges the following upon information and belief for its claim against the defendant

properties for violations of 18 U.S.C. § 2320(a), 18 U.S.C. § 1956, 18 U.S.C. § 545, and 18 U.S.C. § 1343, pursuant to 18 U.S.C. § 2323 and 18 U.S.C. § 981(a)(1)(C).

## **THE DEFENDANT *IN REM***

2. The defendant properties consist of the following property that was seized from FNCB BANK in the name of Sharon Argo on June 3, 2024, at the following location:

    a. Approximately $250,961.61 in U.S. Currency, seized from FNCB Bank account ending in #7197, from FNCB Bank branch located at 200 South Blakley St, Dunmore, PA 18512; and

    b. Approximately $188,034.83 in U.S. Currency, seized from FNCB Bank account ending in #0674, from FNCB Bank branch located at 200 South Blakley St, Dunmore, PA 18512.

It is presently in the custody of the United States Treasury Department at the Treasury Seized Asset Fund.

## **JURISDICTION AND VENUE**

3. This Court has subject matter jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, and over an action for forfeiture under 28 U.S.C. § 1355(a). This Court also has jurisdiction over this particular action under 18 U.S.C. § 2323 and 18 U.S.C. § 981(a)(1)(C).

4. This Court has *in rem* jurisdiction over the defendant properties:

   a) pursuant to 28 U.S.C. § 1355(b)(1)(A) because acts or omissions giving rise to the forfeiture occurred in this district;

   b) pursuant to 28 U.S.C. § 1355(b)(1)(B), incorporating 28 U.S.C. § 1395, because the action occurred in this district; the defendant properties are found in this district; and

   c) pursuant to 28 U.S.C. § 1355(b)(1)(B), incorporating 18 U.S.C. § 981(h) and/or 21 U.S.C. § 881(j), because the owner of the property is located in this district.

5. Venue is proper in this district:

   a) pursuant to 28 U.S.C. §1355(b)(1)(A) because acts or omissions giving rise to the forfeiture occurred in this district; and

b) pursuant to 28 U.S.C. § 1395, because the action occurred in this district; the defendant properties are found in this district; the defendant properties are located in this district.

6. Upon filing of this Complaint, the plaintiff requests that the court issue an arrest warrant *in rem* pursuant to Supplemental Rule G(3)(b), which the plaintiff will execute upon the property pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c).

7. As provided by Supplemental Rule G(4), the United States will serve notice of this action on "any person who reasonably appears to be a potential claimant on the facts known to the government before the end of the time for filing a claim under Rule G(5)(a)(ii)(B)."

## BASIS FOR FORFEITURE

8. The defendant properties are subject to forfeiture pursuant to 18 U.S.C. § 2323 because they constitute or are derived from any proceeds obtained directly or indirectly as a result of the commission of an offense.

9. The defendant properties are subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C), because they are property, real or personal, that constitutes or is derived from proceeds traceable to the criminal

offense.

## FACTS

10.  All of the facts alleged in this Complaint are based upon information and belief, the sources of which are Ethan Klersy, Special Agent with the United States Department of Homeland Security Investigations ("HSI"), resulting from an investigation related to the above mentioned the defendant properties.

11.  On or about October 2023, HSI stationed in Scranton, received an investigative lead from HSI in West Palm Beach in regards to a chain of retail stores, Sports Fever, that are suspected of selling counterfeit apparel and accessories in northeastern Pennsylvania. The following identifiers are associated with Sports Fever which suggests that the company uses electronic and paper means to perform business functions such as telephone, email, and fax:

- Sports Fever
- Classic Authentics
- Https://classicauthentics.com/
- Phone: #570-285-5638
- Facebook: @Classic Authentics

12. The "About Us" section of the website boasts the fact that the business carries a line of throwback jerseys and that they specialize in jerseys from many players in the past in addition to new players in rare and unique throwback designs made from the finest materials. Furthermore, the website mentions that athletes are directly paid instead of paying the leagues, as many athletes are not compensated.

13. Previous investigative work by HSI in the West Palm Beach area in October 2018, indicated that two Sports Fever store fronts were suspected of selling counterfeit sports apparel and accessories. Between October 2018 and February 2019, HSI in addition with private investigation firms that specialize in intellectual property protection, completed a multitude of undercover purchases between both store fronts of merchandise and subsequently made determinations of such items as counterfeits.

14. In February of 2019, HSI West Palm Beach executed simultaneous search and seizure warrants at each of the storefronts. This resulted in the seizure of 1,035 items determined to be counterfeit on scene. Law enforcement determined that Salvatore Argo and Sharon Argo were the owners of Sports Fever. On August 23, 2018, Sharon

Argo filed an application for registration of a fictious name with the state of Florida Department of Corporations. A review of the records indicated that the mailing address for Sports Fever is Salvatore Argo's office address located at 100 Viewmont Scranton, PA 18508. Furthermore, it was also determine that the fictitious name owner's address for Sports Fever is Sharon Argo's home address, located at 118 Chicory Court, Exeter, PA 18643.

15. HSI was able to determine via business documents and the execution warrant, that there were potentially additional storefronts of the same overarching business in Wilkes-Barre and Scranton, Pennsylvania.

16. HSI Scranton reviewed the United States Custom and Border Patrol ("CBP") records that were presented to CBP pertaining to Sports Fever. The CBP uncovered inconsistencies, false statements, material omissions and/or evidence of entries made contrary to law, in information and documents that were electronically transmitted to CBP. During this review, HSI Scranton discovered that Sports Fever was a U.S. importer for approximately 1,100 importations of merchandise between 2019 to 2024 mainly from China. A business that

manages this number of importations would be regarded as an "experience importer" by the CBP. The majority of the imports identify shipments as valued under $800.00 USD and as variations of women's apparel. HSI Scranton has discovered that this is inconsistent after the review of several shipments, finding that Sport Fever's business activity and their merchandise generally has an appraised value of over $800.00 USD. The provided shipper/sender on the manifest submissions appear to use a fictitious address. Undervaluing the shipment reduces the risk of the shipment being scrutinized by CBP, in addition to mislabeling the shipment as variations of female clothing verses "sports apparel". It appears that parties to Sports Fever importation transactions, were involved in submitting misleading electronic manifest descriptions to CBP with intent to influence a more favorable outcome.

17. In January 2024, HSI Scranton conducted physical surveillance of the two Pennsylvania Sports Fever retail stores, located at 29 Wyoming Valley Mall Wilkes-Barre Township, PA 18702 and 100 Viewmont Mall Scranton, PA 18508. Surveillance revealed that each retail store is within a commercial shopping center, with routine public access during business hours, approximately 11:00AM to 8:00PM. Each

store contained a vast amount of professional and collegiate sports and accessories, including major sports organizations such as NFL, MLB, NHL, NBA, MLS, and NCAA. These items contained labels, tags, and stitching indicative of major sports apparel brands, such as Nike, ADIDAS, and Uber Armour.

18. In March 2024, HSI was contacted by CBP officers concerning an intercepted shipment from Shenzhen China to Sports Fever located at 29 Wyoming Valley Mall Wilkes-Barre, PA 18702. The interception revealed that the package contained nineteen (19) Nike branded and football jerseys, and one hundred and two (102) "Classic Authentics" branded jerseys. However, the package's importation declaration described the contents as having a value of $161.00 USD contained "women's blouse - 52".

19. On March 14, 2024, HSI Scranton received an affidavit from Steven Galambos, an investigator specializing in counterfeit and fraud investigations, that the Nike branded items within the intercepted package were in fact counterfeit based on his experience. The retail value of the combined merchandise totaled to $5,551.00 USD based on the approximate MSRP of comparable licensed merchandise sold

through legitimate vendors.

20. On May 9, 2024, HSI Scranton and the Pennsylvania State Police Organized Crime Unit ("PSPOCU") conducted an undercover operation at the Sports Fever store located inside Wyoming Valley Mall at 29 Wyoming Valley Mall, Wilkes Barre, PA 18702. Agents purchased three (3) items; one (1) Boston Red Sox sports jersey, one (1) Philadelphia Eagles sports jersey, and one (1) Philadelphia Phillies sports jersey. Photos of the items were provided to Galambos. On May 15, 2024, HSI Scranton received an affidavit from Galambos which revealed that the purchased items were counterfeit.

21. On May 14, 2024, HSI Scranton and the PSPOCU, conducted an undercover operation at the Sports Fever retail store, located inside the Viewmont Mall at 100 Viewmont Mall, Store #756, Scranton, PA 18508. Agents purchased two (2) items; one (1) Philadelphia Eagles sports jersey, and one (1) Philadelphia Phillies sports jersey. Photos of the items were provided to Galambos. On May 15, 2024, HSI Scranton received an affidavit from Galambos which revealed that the purchased items were counterfeit.

22. HSI Scranton conducted routine criminal history checks and

discovered that Salvatore Argo had previously been arrested and convicted in U.S. District Court, Middle District of Pennsylvania (Case no. 3:CR-10-296) for violation of 18 U.S.C. §2320(a), Trafficking in Counterfeit Goods or Services (specifically National Football League, Major League Baseball, National Basketball Association, and National Hockey League licensed merchandise), and 18 U.S.C. §922(g), Possession of Firearms by a Convicted Felon. At the conclusion of an eighteen month sentence, Salvatore Argo was released from incarceration on July 6, 2012, and placed on three years of supervised release for the crimes of conviction.

23. On May 20, 2024, a pair of search warrants were issued by the Middle District of Pennsylvania for both SPORTS FEVER locations, for potential violations of 18 U.S.C. §2320, Trafficking in Counterfeit Goods. The search resulted in the seizure of approximately $1,286,925 MSRP of sports apparel and merchandise: seven thousand two hundred and three (7,203) counterfeit professional and collegiate sports jerseys, one thousand six hundred and forty-four counterfeit professional and collegiate sports sweatshirts (1,644), two hundred and thirty (230) counterfeit professional and collegiate sports t-shirts, and documentary

evidence.

24. In May 2024, a search warrant pertaining to wires completed by SPORTS FEVER LLC via owner/signer Sharon Argo, revealed that between 2020 and 2024, Sharon Argo authorized international wires utilizing SPORTS FEVER LLC's FNCB small business checking account number ending in #0674, that $480,000 USD of international wires to beneficiaries in Honk Kong and Mexico. Four international wires to Hong Kong included statements of purpose to include supplies, merchandise purchase, merchandise, and payment of goods.

25. Two international wires, the first from May 6, 2020 ($40,000.00 USD) and the most recent from April 10, 2024 ($30,000.00 USD), lists the same bank information in Hong Kong, in addition to the same beneficiary information: "Guangzhou Eishow Garment & Accessory Trading Co., Ltd," for payment of goods and merchandise. Open-source research conducted by HSI Scranton revealed that Guangzhou Eishow Garment & Accessory Trading Co., Ltd, is a Chinese supplier of counterfeit goods.

26. HSI Scranton obtained evidence during a May 2024 search

warrant, that for the period of January 1, 2024, through February 29, 2024, the Viewmont Mall SPORTS FEVER location processed eight hundred and sixty (860) credit card transaction, resulting in a total of $104,609.60 of sales. For the period of January 1, 2024, through February 29, 2024, the Wyoming Valley Mall SPORTS FEVER location processed six hundred and seventy (670) credit card transactions, resulting in a total of $109,111.11 of sales. The total amount of credit card sales for both store fronts during that time frame totaled to $213,720.71 of sales.

27. An HSI's review of records from FNCB Bank in May 2024, revealed that Sharon Argo is the owner/signer of a personal FNCB Bank account ending in #7197, and that Sharon Argo is also the owner/signer of a business FNCB Bank account ending in #0674. Both were utilized to send wires as previously described.

28. On May 23, 2024, $250,000.00 USD was transferred from the business account ending in #0674 to the personal account ending in #7197. On this same day, Sharon Argo proceeded to initialize an international wire authorization for transfer from the personal account ending in #7197 at FNCB to "Banco Santander De Mexico," for the sum

of $250.000 USD. The beneficiary was listed as Piedra Luna Corasol, with an account number ending in #1183, and the purpose of the wire described as property. Sharon Argo also provided FNCB Bank personnel at the Exeter, Pennsylvania branch with physical documentation as to the purpose of the wire, as a real estate purchase in Mexico. The documentation showed a purchase agreement with the potential buyers listed as Katherin Julie Bolano Gonzalez and Salvatore Argo for property described as a private unit within La Escondida located within Corasol Riviera Maya in Quintana Roo, Mexico. No documents include the signatures of Katherin Julie Bolano Gonzalez or Salvatore Argo. As of May 30, 2024, the wire has not been completed due to independent review by FNCB Bank's internal Corporate Compliance personnel, per the FNCB Bank General Corporate Counsel Center.

29.   On May 29, 2024, Sharon Argo returned to the FNCB Bank's Exeter, Pennsylvania Branch to initialize two international wire authorizations for transfer from the business account at FNCB to a pair of accounts at DBS Bank Hong Kong. The first wire was intended for the beneficiary Guangzhou Eishow Garment & Accessory for the sum of

$22,000.00 USD and the second wire was intended for the beneficiary Guangzhou Fengyuyuan Trading Firm, for the sum of $25,000.00. Both beneficiaries were the recipients of previous Sports Fever LLC business account international wires. As of May 30, 2024, the wires have not been completed due to independent review by FNCB Bank's internal Corporate Compliance personnel, per the FNCB Bank General Corporate Counsel Center.

## **CLAIM FOR RELIEF**

WHEREFORE the United States prays that a warrant of arrest be issued for the defendant properties, that the defendant properties be forfeited to the United States, that the plaintiff be awarded its costs and disbursements in this action, and for such other and further relief as the Court deems proper and just.

Respectfully submitted,

JOHN C. GURGANUS
ACTING UNITED STATES ATTORNEY

By:   */s/* Ryann D. Loftus
        Ryann D. Loftus
        Assistant U.S. Attorney
        235 N. Washington Avenue, Ste. 311
        Scranton, PA 18503
        Phone: 570-348-2800
        Fax: 570-348-2037
        ryann.d.loftus@usdoj.gov

## VERIFICATION

I, Special Agent Ethan Klersy, hereby verify and declare under penalty of perjury that I am a Special Agent with the United States Department of Homeland Security Investigations, that I have read the foregoing verified Complaint *in Rem* and know the contents thereof, and that the matters contained in the verified Complaint are true to my own knowledge, except that those matters herein stated to be alleged on information and belief and as to those matters I believe them to be true.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement officers, as well as my investigation of this case, together with others, as a Special Agent of the United States Department of Homeland Security Investigations.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct.

Dated: February 4, 2025.

*Ethan Klersy*
Ethan Klersy
Special Agent
The United States Department of
Homeland Security Investigations