## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | **3:25cv217** |
| **Plaintiff** | : | |
| | : | **(Judge Munley)** |
| **v.** | : | |
| | : | |
| **APPROXIMATELY $250,961.61 IN** | : | |
| **U.S. CURRENCY, seized from** | : | |
| **FNCB Bank Account # ending** | : | |
| **in 7197; and APPROXIMATELY** | : | |
| **$188,034.83 IN U.S. CURRENCY,** | : | |
| **seized from FNCB Bank** | : | |
| **Account # ending in 0674,** | : | |
| **Defendants** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## <u>MEMORANDUM ORDER</u>

Before the court for disposition is the government's motion to strike and for

default judgment. (Doc. 10).  To date, no opposition to the motion has been filed

and the deadline for such filing has passed.

By way of brief background, this matter involves the forfeiture of certain

monies ("defendant property") by the government pursuant to 18 U.S.C. § 2323

and 18 U.S.C. § 981(a)(1)(C). The defendant property was seized on the

grounds that it constitutes, or is derived from, proceeds obtained through the

commission of multiple offenses. [1] (Doc. 1, Compl.).  On June 3, 2024, the

---

[1] According to the government, the defendant property constitutes or is derived from proceeds
obtained directly and indirectly as a result of trafficking in counterfeit goods or services under

government seized the defendant property from FNCB bank accounts held in the name of Sharon Argo. (Id. at ¶ 2). The defendant property is currently in the custody of the United States Treasury Department at the Treasury Seized Asset Fund. (Id.) The forfeited monies consist of the following:

> a. Approximately $250,961.61 in U.S. Currency, seized from FNCB Bank account ending in #7197, from FNCB Bank branch located at 200 South Blakley St, Dunmore, PA 18512; and b. approximately $188,034.83 in U.S. Currency, seized from FNCB Bank account ending in #0674, from FNCB Bank branch located at 200 South Blakley St, Dunmore, PA 18512.

(Id.)

On February 4, 2025, the government filed a verified complaint for forfeiture *in rem*. In the complaint, the government requested the court to issue an arrest warrant *in rem* for the defendant property pursuant to Rule G(3)(b) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rules"). (Id. ¶ 6). The Clerk of Court granted the government's request and issued a warrant *in rem* for the defendant property. (Doc. 4).

On March 12, 2025, the government filed a "Notice of Complaint for Forfeiture" directed at Sharon Argo. (Doc. 3). The notice indicated that a verified

---

18 U.S.C. § 2320(a). The government also alleges that the same property constitutes and is derived from proceeds traceable to criminal offenses, including laundering of monetary instruments, smuggling goods into the United States, and fraud by wire, radio, or television pursuant to 18 U.S.C. §§ 1956, 545, and 1343.

claim to the defendant property must be made within thirty-five (35) days after the date this notice was sent. (Id.)  Further, the government indicated that if a verified claim is filed, then the claimant had twenty-one (21) days in which to file an answer to the complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. (Id.); Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions G(5)(b).

Subsequently, Sharon Argo filed a verified claim to the defendant property within the required timeframe. (Doc. 5). Argo has not, however, filed an answer to the complaint or a Rule 12 motion, and the deadline for such filing has passed.

Later, pursuant to Supplemental Rule G(4)(a)(iv)(C), the government published a notice of this civil forfeiture action against the defendant property on an official Government internet site (www.forfeiture.gov), beginning on May 24, 2025, and running for 30 consecutive days, through June 23, 2025. (Doc. 13-1, ¶ (e)). Pursuant to Supplemental Rule G(5)(a), any claimant to the defendant property was required to file a claim no later than 60 days after the first publication of notice on the official government website, that is July 23, 2025. To date, no other claims or answers were filed in this action, and no other parties have appeared to contest the action.

On June 26, 2025, the government filed a motion to strike and for default judgment. (Doc. 10). In that motion, the government sought to strike the claim

3

filed by Argo based on her failure to respond to the complaint in accordance with the Supplemental Rules. (Id.) Additionally, in the same motion and based on the same grounds, the government moved for the entry of a default judgment against Argo pursuant to Rule 55 of the Federal Rules of Civil Procedure. (Id.)

Then, on July 10, 2025, the government filed its brief in support of the motion to strike and for default judgment. (Doc. 12). In that brief, the government withdrew the portion of the motion seeking entry of default. (Id. at ECF p. 1 n. 1). According to the government, the withdrawal was without prejudice to refiling after entry of default against all potential claimants following the expiration of the notice period to third parties. (Id.) However, the government indicated in the brief that it still sought to strike Argo's claim. (Id. at ECF p. 6). As a result, the court construed the government's motion as a motion to strike. (Doc. 14).

Argo failed to file a brief in opposition to the motion to strike within the required timeframe. The court, *sua sponte*, granted Argo an extension of time until July 30, 2025 to do so. (Id.) To date, however, Argo has not filed a brief in opposition, and the deadline for such filing has passed.

In the meantime, on July 28, 2025, the government moved for the entry of a default judgment against the defendant property, Argo, and all people claiming an interest in the seized property for their failure to file a timely claim, answer, or otherwise defend this action after notice was provided pursuant to Supplemental

Rule G and the Federal Rules of Civil Procedure. (Doc. 13). Additionally, the government filed an affidavit in support of its request. (Doc. 13-1). On July 30, 2025, pursuant to Rule 55(a), the Clerk of Court entered default against defendant property and all people claiming an interest in the defendant property, including Argo.

## 1. The Government's Motion To Strike

The government moves to strike Argo's claim under Supplemental Rule G(8)(c)(ii). [2] (Doc. 10). Civil asset forfeiture actions *in rem* are governed by Supplemental Rule G and 18 U.S.C. § 983. To contest a forfeiture, a claimant must meet both Article III and statutory standing requirements. United States v. $487,825.00 in U.S. Currency, 484 F.3d 662, 664 (3d Cir. 2007), as amended (May 14, 2007).

According to the Third Circuit Court of Appeals:

---

[2] Pursuant to Supplemental Rule G(8)(c),

> (i) At any time before trial, the government may move to strike a claim or answer:
> (A) for failing to comply with Rule G(5) or (6), or
> (B) because the claimant lacks standing.
> (ii) The motion:
> (A) must be decided before any motion by the claimant to dismiss the action; and
> (B) may be presented as a motion for judgment on the pleadings or as a motion to determine after a hearing or by summary judgment whether the claimant can carry the burden of establishing standing by a preponderance of the evidence.

Supp. R. G(8)(c).

> "Article III standing requires the claimant to show an interest in the property sufficient to create a 'case or controversy,' while statutory standing requires claimants to comply with certain procedures." [United States v. Contents of Accts. Numbers 3034504504 & 144-07143, 971 F.2d 974, 984 (3d Cir. 1992)]. The statutory standing procedures with which a forfeiture claimant must comply are set forth in [Supplemental] Rule C(6), and involve the timely filing of a verified claim. The purpose of statutory standing is to force claimants "to come forward as quickly as possible after the initiation of forfeiture proceedings, so that the court may hear all interested parties and resolve the dispute without delay," and to minimize the danger of false claims by requiring claims to be verified or solemnly affirmed. United States v. Various Computers & Computer Equip., 82 F.3d 582, 585 (3d Cir. 1996).

United States v. $8,221,877.16 in U.S. Currency, 330 F.3d 141, 150 n. 9 (3d Cir. 2003). "As the party seeking to intervene in an in rem forfeiture action, a claimant bears the burden of establishing his own constitutional standing at all stages in the litigation. United States v. $148,840.00 U.S. Currency, 521 F.3d 1268, 1273 (10th Cir. 2008). Apart from filing her claim, Argo has taken no further action to establish Article III standing to intervene in this in rem action. Argo has not contested the forfeiture, and therefore, the court need not engage in a detailed analysis of Article III standing.

"Statutory standing is a threshold issue that determines whether a party is properly before the court." $8,221,877.16 in U.S. Currency, 330 F.3d at 150 n. 9. To establish statutory standing in a forfeiture case, the claimant must comply with the procedural requirements set forth in 18 U.S.C. § 983(a)(4)(A) and the

6

Supplemental Rules. $487,825,000 U.S. Currency, 484 F.3d at 664. Where a party lacks statutory standing, the proper response is to strike that person's claim. $8,221,877.16 U.S. Currency, 330 F.3d at 150 n.9.

Focusing on the procedural requirements imposed by Section 983(a)(4)(A), "any person claiming an interest in the seized property may file a claim asserting such person's interest in the property in the manner set forth in the Supplemental Rules . . ." 18 U.S.C. § 983(a)(4)(A).  Supplemental Rule G(5) requires a claimant to file a verified claim, which must "(A) identify the specific property claimed; (B) identify the claimant and state the claimant's interest in the property; (C) be signed by the claimant under penalty of perjury; and (D) be served on the government attorney." Supp. R. G(5)(a)(i)(A)-(D); see also 18 U.S.C. § 983(a)(4)(A). The claimant must file the claim "by the time stated in a direct notice sent under Rule G(4)(b)." Id. G(5)(a)(ii)(A). The claimant then has twenty-one days within which she must file and serve her answer or motion under Rule 12. Id. G(5)(b).  A claimant waives an objection to *in rem* jurisdiction or to venue if the objection is not made by motion or stated in the answer. Id. With that said, the government may move to strike the claim or answer due to the claimant's failure to comply with these procedures or because the claimant lacks standing. Id. G(8)(c)(i).

Here, Argo filed a timely claim on April 16, 2025. Nevertheless, she failed to comply with Supplemental Rule G(5) since she did not file an answer or a Rule 12 motion within twenty-one (21) days of filing her claim.

Moreover, Argo failed to comply with the procedural requirements set forth in Supplemental Rule C(6)(a) and Section 983(a)(4)(A). Per Supplemental Rule C(6)(a):

> (a) *Statement of Interest; Answer.* In an action in rem:
> (i) a person who asserts a right of possession or any ownership interest in the property that is the subject of the action must file a verified statement of right or interest:
> (A) within 14 days after the execution of process, or
> (B) within the time that the court allows;
> (ii) the statement of right or interest must describe the interest in the property that supports the person's demand for its restitution or right to defend the action;
> (iii) an agent, bailee, or attorney must state the authority to file a statement of right or interest on behalf of another; and
> (iv) a person who asserts a right of possession or any ownership interest must serve an answer within 21 days after filing the statement of interest or right.

Supp. R. C(6)(a).

According to the Third Circuit Court of Appeals, "to establish statutory standing in a forfeiture case, the claimant must comply with the procedural requirements set forth in [Supplemental] Rule C(6)(a) and § 983(a)(4)(A)." $487,825.000 in U.S. Currency, 484 F.3d at 664 (citing Contents of Accts. Nos. 3034504504 & 144–07143, 971 F.2d at 984. The most critical requirement is that

8

the claimant timely file a verified statement of interest, pursuant to Supplemental Rule C(6)(a). Id.

Filing a timely verified statement of interest serves two purposes. Id. First, it forces claimants "to come forward" promptly after the initiation of forfeiture proceedings, enabling the court to hear all interested parties and resolve the dispute without delay. Id. at 664-65 (quoting $8,221,877.16 in U.S. Currency, 330 F.3d at 150 n. 9) (internal quotation marks omitted). Second, it minimizes the risk of false claims by requiring that claims be verified or solemnly affirmed. Id. at 665. Consequently, the requirement "is no mere procedural technicality." Id. (quoting United States v. $23,000 in U.S. Currency, 356 F.3d 157, 163 (1st Cir. 2004)).

Four months after filing her claim, Argo has yet to file an answer, a timely verified statement, or any another pleading, nor has she attempted to demonstrate any excusable neglect for failing to do so. Since filing her claim, Argo has essentially been absent from this litigation. Consequently, Argo has failed to comply with the requirements of Supplemental Rules G(5) and C(6)(a). As a result, the government's motion to strike Claimant Sharon's claim will be granted.[3]

---

[3] Courts have held that the filing of both a verified claim and an answer are required to establish statutory standing in civil forfeiture proceedings. See, e.g., United States v. $3,956.00 in U.S. Currency, 2023 WL 4907903, at *3 (C.D. Ill. July 31, 2023) ("In order to have standing

## 2. Entry of Default in Favor of the Government

Additionally, the government moves for entry of default judgment in its favor.[4] Rule 55 governs default and default judgments. Under subsection (a) of that rule, the Clerk of Court is instructed to enter a default against a defendant who "has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." FED. R. CIV. P. 55(a). "Entry of default is a prerequisite to entry of a default judgment under Rule 55(b)." Sys. Indus., Inc. v. Han, 105 F.R.D. 72, 74 (E.D. Pa. 1985) (emphasis removed); see also 10A Wright & Miller Fed. Prac. & Proc. Civ. § 2682 (4th ed.) ("Prior to obtaining a default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a).").[5] The entry of default judgment lies within the sound

---

in a forfeiture proceeding, a claimant must file a verified claim and an answer to the complaint.") (citing United States v. Commodity Account No. 549 54930 at Saul Stone & Co., 219 F.3d 595, 597-98 (7th Cir. 2000)); see also United States v. $39,000.00 in U.S. Currency, 2019 WL 2395611, at *2 (N.D. Ohio June 6, 2019), aff'd, 951 F.3d 740 (6th Cir. 2020) ("A person who wishes to intervene and assert an interest in the property in a civil forfeiture case must file two responsive pleadings: a verified claim and an answer." (citing Supplemental Rule G(5))).

[4] Although the government's brief in support of its motion to strike and for judgment states that it has withdrawn the portion of the motion seeking entry of default, the government's intent to pursue default is evident. (Id. at ECF p. 1 n. 1). The withdrawal was expressly made without prejudice to refiling after default has been entered against all potential claimants upon expiration of the notice period to third parties. (Id.)

[5] On May 8, 2024, plaintiff requested entry of default pursuant to Federal Rule of Civil Procedure 55(a), (Doc. 8), which was entered by the Clerk of Court on May 9, 2024, (Doc. 9). Although the request for default judgment was submitted to the Clerk of Court for entry of default judgment for a claim of a sum certain pursuant to FED. R. CIV. P. 55(b)(1), the court construes the request as a motion for application for default judgment to be entered by the Court in accordance with FED. R. CIV. P. 55(b)(2). See Deutsche Bank Nat. Tr. Co. v. Strunz, No. 1:12-CV-01678, 2013 WL 122644, at *1 (M.D. Pa. Jan. 9, 2013)(Kane, J.).

discretion of the district court. Emcasco Ins. Co. v. Sambrick, 834 F.2d 71, 74 (3d

Cir. 1987). Three factors govern the district court's exercise of discretion in

determining whether to grant a default judgment: "(1) prejudice to the plaintiff if

default is denied, (2) whether the defendant appears to have a litigable defense,

and (3) whether defendant's delay is due to culpable conduct." Chamberlain v.

Giampapa, 210 F.3d 154, 164 (3d Cir. 2000) (citing United States v. $55,518.05

in U.S. Currency, 728 F.2d 192, 195 (3d Cir. 1984)).

Additionally, prior to entering a default judgment, the court must also

determine whether the "unchallenged facts constitute a legitimate cause of

action[.]" Broad. Music, Inc. v. Spring Mount Area Bavarian Resort, Ltd., 555 F.

Supp. 2d 537, 541 (E.D. Pa. 2008) (quoting Directv, Inc. v. Asher, 2006 WL

680533, at *1 (D.N.J. Mar. 14, 2006).

Supplemental Rule G sets forth the specific requirements governing

forfeiture in in rem actions. See Supp. R. G. Under the Supplemental Rule, a

complaint for forfeiture must:

> (a) be verified;
> (b) state the grounds for subject-matter jurisdiction, in rem
> jurisdiction over the defendant property, and venue;
> (c) describe the property with reasonable particularity;
> (d) if the property is tangible, state its location when any
> seizure occurred and—if different—its location when the
> action is filed;
> (e) identify the statute under which the forfeiture action is
> brought; and

(f) state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial.

Supp. R. G(2).

The Clerk of Court must also issue a warrant to arrest the property if the property is already in the government's possession, custody or control. Id. at (3)(b). Upon issuance of the arrest warrant, the government can arrest the property. Id. at (3)(c). The government must also provide notice of the forfeiture action—both by publication for unknown potential claimants and by direct notice to known potential claimants. Id. at (4). For potential unknown claimants, the government must publish notice within a reasonable time after filing the verified complaint, which may be accomplished by posting the notice on an official government forfeiture website for at least thirty consecutive days. Id. at (4)(a)(iv)(C). For known claimants, the government must serve notice of the action, together with a copy of the verified complaint in accordance with Supplemental Rule G. Id. at (4)(b)(i).

Upon review of the verified complaint, legal notice, arrest warrant, certificate of service, and declaration of publication, as well as the government's moving documents, the government fully complied with Supplemental Rule G. Despite proper notice, and aside from Argo's claim—which will be stricken—no answer to the complaint or other claim to the defendant property has been filed.

12

The government therefore obtained an entry of default from the Clerk of Court, and now moves for default judgment.

Furthermore, the unchallenged allegations in the verified complaint, taken as true, state a legitimate cause of action for forfeiture. As alleged, the government conducted a thorough investigation which revealed that a chain of retail stores, Sports Fever, was in the business of selling counterfeit apparel and accessories in northeastern Pennsylvania. (Doc.1, Compl. ¶ 11). The investigation and the execution of various search and seizure warrants resulted in the seizure of counterfeit goods at Sports Fever's stores. (Id. ¶¶ 13-14). Following the interception of shipments, review of business documents, and scrutiny of international wires, the government discovered that Sports Fever was an experienced importer of counterfeit goods. (Id. ¶ 16). According to the government, the counterfeit goods were mainly imported from China. (Id.)

Moreover, per the government, Salvatore Argo and Sharon Argo were the owners of Sports Fever. (Id. ¶ 14). The government's investigation revealed that Sports Fever's mailing address is the same as the office address of a Salvatore Argo. (Id.) The investigation further disclosed that Sharon Argo filed an application with the Florida Department of State to register a fictitious name for Sports Fever. (Id.) As alleged, Sharon Argo's home address was used for the fictitious name registration. (Id.)

Although Sharon Argo asserts that her ownership of the defendant property came through legitimate business dealings, she did not offer additional proof besides her bare statements. (Doc. 5). Based on the record, the lack of further filings or submission by Sharon Argo suggests that the defendant property is the result of illegal activity and subject to forfeiture. Hence, the unchallenged facts provided by the government constitute a legitimate cause of action for *in rem* forfeiture.

Lastly, the three <u>Chamberlain</u> factors support entry of default judgment against the defendant property. First, absent such entry, the government will be prejudiced because "it has no other remedy against the Defendant currency." <u>U.S. v. $16,010.00 in U.S. Currency</u>, 2011 WL 2746338, at *6 (D.N.J. July 13, 2011). Second, defendant property owners have not raised any meritorious defenses, whether through an answer or other responsive pleading to the complaint, or through a response to the instant motion. Thus, there is no basis to conclude that the owners of defendant property have a viable, litigable defense. <u>See</u> <u>U.S. v. $6,700.00 in U.S. Currency</u>, 307 F. Supp. 3d 419, 423-24 (D.V.I. 2018) (finding entry of default judgment appropriate in the absence of evidence that any potential claimant would have a litigable defense were they to appear). Finally, the record does not contain any excuse or justification for the failure of the defendant currency owners to respond as they were "properly

notified of the action, had ample time to respond, and failed to appear." Id. Therefore, under Rule 55(b), the Chamberlain factors support entry of default judgment in the government's favor.

Accordingly, it is hereby **ORDERED** that:

1) The government's motion to strike and for default judgment, (Doc. 10), is **GRANTED**;

2) Sharon Argo's claim, (Doc. 5), is stricken;

3) Judgment is hereby entered in favor of the United States of America and against Defendant Approximately $250,961.61 in U.S. Currency, seized from FNCB Bank Account # ending in 7197 and Defendant Approximately $188,034.83 in U.S. Currency, seized from FNCB Bank Account # ending in 0674, both held by Sharon Argo;

4) All right, title and interest in the above-described Approximately $250,961.61 in U.S. Currency, seized from FNCB Bank Account # ending in 7197 and Approximately $188,034.83 in U.S. Currency, seized from FNCB Bank Account # ending in 0674 held by Sharon Argo, is hereby forfeited to the United States of America; and

5) The Clerk of Court is directed to close this case.

Date: 8/19/25

BY THE COURT:

_____
JUDGE JULIA K. MUNLEY
United States District Court